Rond Joseph Hooks
1001 Boniface Pkwy Spc 9K
Anchorage, Alaska 99504


RECEIVED
JAN 18 2023
CLERK, U.S. DISTRICT COURT
ANCHORAGE, AK

United States District Court
For The District of Alaska

Rond J. Hooks
    Plaintiff
vs.
State of Alaska
    defendant

Case No. 3:23-cv-00015-SLG

Notice of Removal To Federal Court

18 January 2023
date

Rand J Hooks
name

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| Rand J. Hooks | ) |
|    Plaintiff, | ) |
| vs | ) |
| STATE OF ALASKA, | ) |
|    Defendant, | ) |

Case No. 3AN-22-07308CI

## REQUESTING THAT THIS CASE BE IN FEDERAL COURT

Hello, I am Rand Joseph Hooks aka Chief Klah Cheveyo. The Cheveyo lines have come forward and are herein referred to as a clan of the Arawak; perpetually known as Cheveyo tribe of the Maipuri Arauan territory of North America, sacred aborigine to the land and territories known ancestrally as Abya Yala, encompassing natural habit and ancestral regions within and without the regions. The same is confirmed by the ratification of "Tribal Trust Charter" Signed and SEALED, recognized under customary international law. Not under citizenship and indigenous, first rights to the land. On September 23, 2020 Mr. Hooks not being a citizen but being sovereign was evicted from his trailer, his home, his place of residence. "There is a general rule that a ministerial officer who acts wrongfully, although in good faith, is nevertheless liable in a civil action and cannot claim the immunity of the sovereign. Cooper v. O'Conner, 99 D2d 133." Also "when a judicial officer acts entirely without jurisdiction or without compliance with jurisdiction requisites he may be held civilly liable for abuse of process even though his act involved a decision made in good faith, that he had

Little v. U.S. Fidelity & Guaranty Co., 217 Miss. 576, 64 So. 2D 697." The court went from lack of discovery to immediate eviction. From civil rule 37 to civil rule 56. "... the particular phraseology of the constitution of the United States confirms and strengthens the principle, supposed to essential to all written constitutions, that a law repugnant to the constitution is void, and that courts, as well as other departments, are bound by that instrument." During the time when The CDC Moratorium was in full effect that no one was to be evicted from trailer, apartment, home or place of residence concerning anything of proposed rent, mortgage or of any monetary issue. Plus it was never a landlord tenant dispute and the plaintiffs submitted paperwork was never sufficient enough to proffer a summary judgment.

## Costs Associated With The Courts Decision

| | |
|---|---|
| For eviction cost and process server | $200.00 |
| Storage fees | $4000.00 |
| Locks | $200.00 |
| Personal property taxes | $1300.00 |
| My vehicle towed away | $3100.00 |
| Rent for the Courts unlawful tenants | $34000.00 |
| $2000.00 a month plus $2000.00 sec. Deposit | |
| Rent to stay elsewhere $1500.00 a month | $25500.00 |
| Awarded attorney and processing fees | $3000.00 |

## Damage to property

To repair holes in the wall, writings on the walls, scrapes and scratches and holes

in what once was a new front door, back door misaligned, needed major adjustments and work. Trim missing around both doors, various electrical outlets ripped or pulled out of various walls.     $2000.00

Dog poop and urine in and on carpets needs replaced     $4000.00

Stainless Steel silent Samsung dishwasher broken     $1500.00

Washer and dryer non functional     $2000.00

### Stolen Items that I can remember

| Item | Amount |
|---|---|
| Shower heads | $200.00 |
| Leaking Broken Toilet | $600.00 |
| Matching curtains and curtain rods | $500.00 |
| Yamaha sound bar | $200.00 |
| Food in frig, freezer, and pantry | $3000.00 |
| Refrigerator | $3000.00 |
| Freezer | $800.00 |
| Self propelled lawn mower | $1500.00 |

### Non-Economic damages suffered

Mr. Hooks caught covid-19 and could have died from sleeping in my car for a short time period of finding another place to live. Very much inconvenienced with many of his belongings yet in his trailer as he was ushered out his my trailer, his home, his place of residence by the state troopers. Also many of his belongings were stolen, abused and destroyed as to allowing unauthorized vagrants to live in his home in his absence. I was emotionally distraught with no place to initially go, bewildered, moving from place to place, emotionally hurt

with no understanding of how this could have happened, emotionally distressed with the added feelings of hopelessness pain and anguish from the inside out. The violation and breaking of the Federal mandate of the CDC Moratorium caused a loss my of dignity and property, that information was posted all over social media. A companion whom I was wanting to start a new life with whom I had met out of state canceled on me and rightly so having no home of invitation to arrive to, totally helped to bring me into depression. All of this bombarding myself all at once and totally with no just or reasonable cause. I just could not wrap my mind around how I could have been evicted during the time of covid-19 and the CDC Moratorium in full effect from my home which I outrightly owned fully legal and lawful in all precedence. I had finally found someone to share my life with and lost it with all shame, embarrassment and confusion. There was no due process of law, nothing being legal and most of all the courts violation and breaking of the Federal mandate of the CDC Moratorium. I was so low, depression had set in deeply and my name was mud to all who looked up to for inspiration or advice. My colleagues and good friends shared my shame and lack of understanding but said I must have done something wrong. But as I went over and over and over in my mind, I knew I did nothing wrong and with all that was left in I barely stood my ground. But righteousness prevailed in the Supreme Court in case no. S-17707 then after a span of time prevailed with the same court that violated the Federal Mandate CDC Moratorium and my claim of lawful vindication showed in the light of right as correct standing in every sense of its procedure. Now Mr. Hooks is here for remedy.

## **Reservation of all Mr. Hooks rights via UCC 1-308 pursuant to UCC 1-103 that were also violated**

Violations of the CDC Order can result in criminal penalties Under 18 U.S.C. 3559, 3571; 42 U.S.C. 271; and 42 CFR. An organization violating this order may be subject to a fine of no more than $2000,000.00 per event if the violation does not result in a death. Because Mr. Hooks caught Covid-19 due to the violation of the CDC Moratorium Order and is here now seeking remedy.

The Summary Judgment in favor of Helen Stephan awarded unlawfully by the court and was used to evict Mr. Hooks on September 23, 2020. During the time the CDC Moratorium Order being in full effect with the no eviction policy. The CDC Moratorium Order was violated and Mr. Hooks caught Covid-19 during that time period. The Summary judgement was appealed by Mr. Hooks and the Supreme Court reversed the summary judgement decision on November 17,2020 based on a total lack of evidence resulting in no indisputable facts according to law and no affidavits to support their claim.

## Summary Judgment Was Improperly Granted.

**(SCQ)** (Supreme Court Quot) "We review grants of summary judgment de novo. Drawing all factual inferences in favor of, and viewing the facts in the light most favorable to the non-prevailing party". "We will affirm grants of summary judgment when there are no genuine issues of material fact, and the prevailing party (generally the movant) [is] entitled to judgment as a matter of law. Here Stephan failed to proffer sufficient evidence on the elements of her claims and was never entitled to judgment as a matter of law. Stephan moved for summary judgment relying solely on Hooks constructive admissions, with no affidavits or other evidence for her motion for summary judgment ". The admissions do not entitle her to summary judgment as a matter of law. Stephan failed to proffer sufficient evidence on the elements of her claims and is not entitled to judgement as a matter of law, See Concerned Citizens of S. Kenai Peninsula v. keno

Peninsula Borough, 527 P .2d 447, 450 (Alaska 1974). Officers of the court have no immunity from liability when violating the Federal CDC Moratorium Order the Constitution guarantees; he who would unlawfully jeopardize property loses property to me, and that is what justice is all about. Judges are deemed to know the law and are sworn to uphold it and can hardly claim or plead ignorance of the law. For that would make the law look unintelligent for a knowledgable judge to claim ignorance of the law, when a person on the street cannot claim ignorance of the law.

### Article VI 2ⁿᵈ paragraph of the Constitution

<u>**The constitution** and the laws of the United States which shall be made in Pursuance thereof:</u> and all Treaties made, or made which shall be made under the Authority of the United States <u>shall be ther supreme law of the land and the judges in every State shall be bound thereby.</u>any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.

### Amendment XIV

Passed by Congress June 13, 1866. Ratified July 9, 1868 (Note Article 1, Section 2 of the Constitution was modified by Section 2 of the 14ᵗʰ Amendment.)

### Section 1

All persons born or naturalized in the United States and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. <u>No State shall make or enforce any law which shall abridge the privileges or immunities of the citizens of the United States: nor shall any State deprive any person of life, liberty, or property without due process of law: nor deny to any</u>

<u>person within its jurisdiction the equal protection of the laws.</u>

The Honorable Judge Gregory Miller violated The CDC Moratoriums Federally Mandated Order, didn't adhere to The Federal Rules of Civil Procedure. Violated the afore mentioned Constitutional Rights and the about to be mentioned Civil Rights.

**18 U.S. Code 241 – Conspiracy against civil rights**
**42 U.S. Code 1985 – Conspiracy to interfere with civil rights**
**18 U.S. Code 242 – Deprivation of rights under the color of law**
**And 42 U.S. Code 1983 – Civil action for the deprivation of rights**

(SQC) "Hooks's constructive admissions fail to establish as a matter of law that Hooks had no right to possession of the trailer. The first admission is that Hooks had no agreement with Stephan for the purchase of the mobile home. Yet this admission, when viewed in the light most favorable to Hooks, does not rule out the version of events that Hooks describes in his answer: Stephan was about to be evicted and intended for Hooks to take possession of the trailer so she would be relieved of the back space rent and tax obligation that went with it. In other words, it is possible that Hooks's possession of the trailer is lawful even though there was no agreement for him to "purchase" it because Stephan essentially abandoned the trailer and its associated debts to him. For the same reason, the admission that hooks paid nothing to Stephan for the trailer does not establish that Hooks's possession was unlawful either. The third and fourth admissions --- that the mobile home was worth $15000.00 in October 2018, and Hooks destroyed, sold, or got rid of $5000.00 worth of Stephan's personal property --- does not address at all whether the parties intended for Hooks to take ownership of the trailer."

In reviewing a motion to compel arbitration, the Court applies summary judgment -like standard and may conclude as a matter of law that parties did or did not enter into an arbitration agreement only if there is no genuine dispute as to any material fact concerning the formation of such an agreement. "Id.(quoting Bazemore v. Jefferson Cap. Sys., LLC 827 F.3d 1325, 1333 (11 Cir. 2016)). In case 3AN-19-05932 CI there were no genuine issues of material facts and the plaintiff Helen Stephan was never entitled to summary judgment as a matter of law. Which is a violation of the hazard bond. This case should have never been accepted into a court of law as it was presented. Mr. Hooks has been assaulted, intentionally afflicted with physical, mental stress, pain and abused financially despite the standing of law. Completely neglected in the court of law and senselessly exploited. Violations of constitutional rights and violations of the law. With no material facts according to law Mr. Hooks was evicted, homeless and became the victim of Covid-19. (Quoting Bazemore v. Jefferson Cap. Sys. LLC 827 F.3d 1325, 1333 (11 Cir. 2016.) And Alaska Civil Rule 56 (c). On June 9, 2021 The Supreme Court reversed the summary judgment and sent it back to the Superior Court for further proceedings for a lack of evidence and material facts according to law. Once again Mr. Hooks was denied his right to evict the courts unlawful occupants out of Mr. Hooks owned trailer home. Mr. Hooks sought to do away with the unlawful occupants and was denied this lawful event by judge Gregory Miller on the reversal of the unlawful summary judgment. On a telephonic meeting the judge enquired of Ms. Stephans attorney does summary judgement permit Mr. Hooks to do an eviction. They agreed that that was a no Mr. Hooks could not evict, and gain possession of his trailer. Also The code of conduct of judge Gregory Miller left Mr. Hooks with no equal protection of the law, no consideration in the law, many U.S. Codes and civil rights violated,

constitutional right left unchecked. Federal Rules of Civil Procedure not adhered to and most of all the CDC Moratorium code completely disregarded.

Exhibit 1 Maipuri Arauan Nation Identification

Exhibit 2 Letter from USCIS

Exhibit 3 Cheveyo Tribal Trust Charter Constructive and Public Notice

18 Jan 2023
Date

*(signature)*
Signature